UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. 15)

**I.    Introduction**

On July 20, 2022, Scott Bogle ("Bogle" or "Plaintiff") brought this putative class action against Direct Recovery Services, LLC ("Direct Recovery Services" or "Defendant"). Dkt. 1. The Complaint advances two causes of action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") Cal. Civ. Code § 1788, *et seq.*, respectively. *Id.* ¶¶ 56-61.

Defendant was served with the Complaint on August 2, 2022, and a corresponding proof of service was filed on September 14, 2022. Dkt. 10. After Defendant failed timely to respond to the Complaint, Plaintiff requested the entry of default as to Defendant. Dkt. 12. That default was entered by the Clerk on September 28, 2022. Dkt. 13. On October 31, 2022, Plaintiff filed a Motion for Default Judgment (the "Motion"). Dkt. 15.

In accordance with Local Rule 7-15, a determination was made that the Motion could be decided without oral argument, and it was taken under submission. Dkt. 17. For the reasons stated in this Order, the Motion is **GRANTED IN PART**.

**II.    Background**

    A.    The Parties

It is alleged that Defendant is a national collection agency that "collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet." Dkt. 1 ¶¶ 14, 27. It is alleged that Defendant is a Minnesota limited liability company whose principal place of business is in Two Harbors, Minnesota. *Id.* ¶ 13. It is alleged that Defendant operates or does business in the State of California. *Id.* ¶¶ 9, 19.

It is alleged that Plaintiff is an individual who resides in San Bernardino County, California. *Id.* ¶ 12. It is alleged that Defendant unlawfully and abusively sought to collect a debt allegedly owed by Plaintiff, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

that this conduct caused harm to Plaintiff. *Id.* ¶ 1.

  B.  Allegations in the Complaint

It is alleged that, sometime prior to May 2022, Plaintiff incurred a financial obligation to an original creditor (the "Debt"). *Id.* ¶ 20. It is alleged that the Debt was incurred primarily for personal, family or household purposes and that it consists of money, property or their equivalent that was due and owing. *Id.* ¶¶ 25-26. It is further alleged that, sometime prior to May 2022, Plaintiff fell behind on the payments on the Debt. *Id.* ¶ 22.[1] It is then alleged that, sometime prior to May 2022, the original creditor on the Debt assigned, placed, or transferred the Debt to Defendant. *Id.* ¶ 24.

It is alleged that, beginning in or around May 3, 2022, Defendant began making collection calls to Plaintiff in attempts to collect the Debt. *Id.* ¶ 29. It is alleged that, following its initial communication with Plaintiff, Defendant failed to provide Plaintiff with written notice about the process. *Id.* ¶ 32. It is further alleged that Defendant was not legally permitted to operate as a debt collector in California as of January 1, 2022. *Id.* ¶ 39. It is alleged that, for this reason, Defendant did not have legal standing to collect the Debt from Plaintiff and that, for this reason, Defendant's conduct was unlawful under the FDCPA and the Rosenthal Act. *Id.* ¶¶ 33-45. It is alleged that, as a result of Defendant's "unfair, deceptive, false, misleading, and oppressive conduct," Plaintiff suffered various harm, including invasion of privacy, confusion, deception, mental anguish, anxiousness, stress, fear and lost sleep. *Id.* ¶ 46.

  C.  Remedies Sought in the Complaint

Plaintiff seeks the following remedies: (1) statutory damages; (2) actual damages; (3) injunctive relief; (4) attorney's fees and costs; and (5) pre- and post-judgment interest. *Id.* at 10.

**III. Analysis**

  A.  Default Judgment

    1.  Legal Standards

      a)  Procedural Requirements for Default Judgment

Local Rule 55-1 requires that a party moving for default judgment submit a declaration or include information with respect to each of the following: (1) when and against which party default has been entered; (2) the identification of the pleading to which default has been entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) the Servicemembers Civil Relief Act, 50 U.S.C.A. § 3931 does not apply; and (5) notice has been provided to the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

---

[1] The Complaint alleges that Plaintiff "takes no position as to the validity of this alleged debt." *Id.* ¶ 23. Plaintiff allegedly "is uncertain and does not concede that a debt is actually owed to Defendant or its predecessor(s) in interest, if any." *Id.* ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

    b)  Substantive Standards for Entry of Default Judgment

Fed. R. Civ. P. 55(b) grants discretion to the trial court with respect to whether a default judgment should be entered. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default does not per se warrant or require the entry of a default judgment. *Id*. The Ninth Circuit has established seven factors that may be applied in determining whether a default judgment is appropriate. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). They are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Id*. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (internal citations omitted).

  2.  Application

    a)  Procedural Requirements

Plaintiff has satisfied the procedural requirements of Local Rule 55-1. In support of the Motion, Plaintiff provides the declaration of Mona Amini, Plaintiff's counsel ("Amini Decl."). Dkt. 15-2. Mona declares that the Complaint is the pleading to which Defendant has not responded and as to which the entry of default was entered on September 28, 2022. *Id.* ¶¶ 5-10. Mona further declares that Defendant is not an infant or incompetent person and that Defendant is not subject to the Servicemembers Civil Relief Act. *Id.* ¶¶ 11-12. Although providing Defendant with notice of the Motion was not required under Fed. R. Civ. P. 55(b)(2) because Defendant has not appeared in this action, Mona declares that a copy of the Motion was served on Defendant. *Id.* ¶ 13.

    b)  *Eitel* Factors

      (1)  The Possibility of Prejudice

A plaintiff will be prejudiced if, absent the entry of a judgment, that plaintiff will be left without a remedy. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff would be without other recourse for recovery."); *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Due to Defendant's failure to appear or participate in this litigation, Plaintiff will suffer prejudice unless a default judgment is entered. Therefore, the first *Eitel* factor weighs in favor of granting the Motion.

      (2)  The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors overlap because a plaintiff must properly state a claim and the allegations in the complaint are deemed true. Thus, if the complaint is sufficient, a plaintiff's substantive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

claim has merit for purposes of a request for the entry of a default judgment. *PepsiCo*, 238 F. Supp. 2d at 1175; see also *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (allegations in the complaint must state a claim upon which the plaintiff may recover).

As noted, the Complaint advances two causes of action -- violations of the FDCPA and the Rosenthal Act, respectively. Dkt. 1 ¶¶ 56-61.

> (a)     FDCPA (Count 1)
>
> > (i)     <u>Legal Standards</u>

The FDCPA is designed to protect consumers from unfair and deceptive debt collection practices. *See* 15 U.S.C. § 1692. The statute is liberally construed to protect the "least sophisticated debtor." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). "[T]he least sophisticated debtor is reasonable and functional, but lacks experience and education regarding financial matters." *Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1196 (9th Cir. 2019).

"In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009). A "debt collector" is defined by the statute as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," subject to certain exceptions. 15 U.S.C. § 1692a(6). A "consumer" is defined by the statute as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3). A "violation of the FDCPA" results from engaging in activities prohibited by, among others, Sections 1692e and 1692g. *Id.* § 1692e-g.

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "If the least sophisticated debtor would likely be misled by a communication from a debt collector, the debt collector has violated the Act." *Warner v. Midland Credit Mgmt.*, 540 F. Supp. 3d 946, 962 (C.D. Cal. 2021) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) (internal quotations omitted). "A false or misleading statement, however, is actionable under section 1692e only if it is material." *Id.* at 963 (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010)). The section provides "a non-exhaustive list of sixteen practices that violate this general prohibition." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014*); see also Warner*, 540 F. Supp. 3d 946, 962 n.7 (listing the violations).

Section 1692g provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice" containing specified information. 15 U.S.C. § 1692g(a). "The purpose of section 1692g's notice requirement is 'specifically to ensure that debt collectors give consumers adequate information concerning their legal rights.' " *Warner*, 540 F. Supp. 3d at 966 (quoting *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
|---|---|---|---|
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

(ii) <u>Application</u>

The Complaint satisfies the first and second elements of a violation of the FDCPA. As to the first, the Complaint alleges that "Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet." Dkt. 1 ¶ 27. The Complaint further alleges that "Defendant [has made] collection calls to Plaintiff in attempts to collect upon the alleged debt." *Id.* ¶ 29. Therefore, the Complaint sufficiently pleads that Defendant is a "debt collector" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6). As to the second element, the Complaint alleges that "Plaintiff is a natural person . . . from whom a debt collector sought to collect a consumer debt" and who is "purportedly obligated to pay a debt." Dkt. 1 ¶ 12. Therefore, the Complaint sufficiently pleads that Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(3).

The Complaint also satisfies the third element of a violation of the FDCPA. Its allegations are sufficient to state the claim that Defendant has violated Section 1692e and Section 1692g. *First*, the Complaint sufficiently alleges that Defendant has violated Section 1692e because it "threatened to take action that could not legally be taken." Dkt. 1 ¶ 42. The Complaint alleges that Defendant is not licensed to do business in California and has not filed an application to conduct business in California. *Id.* ¶ 38. Pursuant to the California Debt Collection Licensing Act, "[n]o person shall engage in the business of debt collection in this state without first obtaining a license pursuant to this division." Cal. Fin. Code § 100001(a). The Complaint alleges that, because Defendant is not licensed in California, Defendant was not legally permitted to operate as a debt collector in California and did not have legal standing to collect the Debt from Plaintiff. Dkt. 1 ¶¶ 38-40. The Complaint then alleges that Defendant acted illegally and without proper legal authority in threatening to do so. *Id.* ¶ 40. These allegations are sufficient to state the claim that Defendant violated Section 1692e(5). *See* 15 U.S.C. § 1692e(5) ("[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" is a violation of the FDCPA); *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1061-62 (9th Cir. 2011).

*Second*, the Complaint sufficiently alleges that Defendant violated Section 1692g because "Defendant failed to provide Plaintiff with proper written notice pursuant to [Section 1692g]." Dkt. 1 ¶ 32. The Complaint alleges that Defendant's failure to provide notice followed its "initial communication with Plaintiff on or around May 3, 2022," when "Defendant began making collection calls to Plaintiff in attempts to collect upon the alleged debt." *Id.* ¶¶ 29, 32. These allegations are sufficient to state the claim that Defendant violated Section 1692g by not providing proper notice. See 15 U.S.C. § 1692g(a); *Hernandez v. Williams*, 829 F.3d 1068, 1081 (9th Cir. 2016) ("[T]he FDCPA unambiguously requires any debt collector—first or subsequent—to send a § 1692g(a) validation notice within five days of its first communication with a consumer in connection with the collection of any debt.").

For the foregoing reasons, the Complaint sufficiently alleges that Plaintiff is a consumer, that Defendant is a debt collector and that Defendant has engaged in violations of the FDCPA. Therefore, the Complaint states a claim under the FDCPA.

(b) Rosenthal Act (Count 2)

(i) <u>Legal Standards</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
|---|---|---|---|
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

The Rosenthal Act is California's "state version of the FDCPA." *Warner*, 540 F. Supp. 3d at 968 (quoting *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012)); *see also* Cal. Civ. Code § 1788 *et seq*. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Id.* (quoting *Riggs*, 681 F.3d at 1100). "The Rosenthal Act, thus, establishes liability under California law for violations of the FDCPA." *Id.* (citation omitted). However, the definition of a "debt collector" under the Rosenthal Act is broader than the parallel definition of that term in the FDCPA. *Id.* at 969; *see also Davidson v. Seterus, Inc.*, 21 Cal. App. 5th 283, 304 (2018).

(ii)  Application

"[W]hether [conduct] violates the Rosenthal Act turns on whether it violates the FDCPA." *Riggs*, 681 F.3d at 1100; *see, e.g.*, *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005) ("Because defendant has violated the FDCPA . . . the Court concludes that defendant has also violated [the Rosenthal Act]."); *Gonzalez v. L. Off. of Allen Robert King*, 195 F. Supp. 3d 1118, 1130 (C.D. Cal. 2016) ("Plaintiff sufficiently alleges . . . that Defendants' conduct constituted a violation of Section 1692e. Thus, it follows that [Defendants'] conduct necessarily violates the Rosenthal Act."). Therefore, because the Complaint states a claim under the FDCPA, it also states a claim under the Rosenthal Act.

\*    \*    \*

For the foregoing reasons, the Complaint sufficiently alleges that Defendant is liable for violations of the FDCPA and the Rosenthal Act. Therefore, the second and third *Eitel* factors weigh in favor of granting the Motion.

(3)  The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is discouraged when the amount of money at stake in the litigation is "too large or unreasonable in light of defendant's actions." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. 06-cv-03594 JSW, 2007 WL 1545173, at \*12 (N.D. Cal. May 29, 2007); see also *Eitel*, 782 F.2d at 1472 (in light of parties' dispute as to material facts, entry of $3 million judgment would not be appropriate). However, where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate. *See Bd. of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mech., Inc.*, No. 10-c-2212, 2011 WL 2600898, at \*2-3 (N.D. Cal. June 30, 2011) (the amount of unpaid contributions, liquidated damages and attorney's fees were appropriate because each amount was supported by sufficient evidence).

Plaintiff seeks a total award of $19,691. This consists of the following elements: (1) $1000 in statutory damages under the FDCPA; (2) $1000 in statutory damages under the Rosenthal Act; (3) $5000 in compensatory damages; (4) $12,160 in attorney's fees; and (5) $531 in costs. *See* Dkt. 15-4 at 3-4. This request is reasonable because it is not excessive, is tailored to the specific losses Plaintiff has incurred and is proportional to the harm caused by Defendant's conduct. *See, e.g., Nordyke v. Summit Receivables*, No. 17-CV-1705-WBS, 2018 WL 2732455, at \*4; *Kaloustian v. FarMar Law Grp., PC*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

21-CV-2082-JLS, 2022 WL 18397630, at *6 (C.D. Cal. Nov. 1, 2022). Therefore, the fourth *Eitel* factor weighs in favor of granting the Motion.

(4)   The Possibility of a Dispute Concerning Material Facts

Upon entry of default, all facts pleaded in the operative complaint are deemed true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Although it is possible that Defendant could dispute some or all of the material facts in the course of this litigation, Defendant's failure to appear and defend is sufficient to support the inference that Defendant is unlikely to do so. Therefore, the fifth *Eitel* factor weighs in favor of granting the Motion.

(5)   Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect of the non-moving party. Defendant was served with the Complaint on August 2, 2022. Dkt. 10. After Defendant failed to file any timely response, Plaintiff requested that the Clerk enter the default of Defendant. Dkt. 12. That default was entered on September 28, 2022. Dkt. 13. Since that time, Defendant still has not appeared in the action, including by filing a request to set aside the default or to be permitted to present a response to the Complaint. As a result, there is no evidence that Defendant's failure to respond to the Complaint or otherwise appear in this action was due to excusable neglect. Therefore, this factor weighs in favor of granting the Motion.

(6)   The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor considers the strong policy preference of deciding claims on the merits. This factor generally disfavors the entry of default judgment. "However, the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal citation and quotation marks omitted). Further, a defendant's decision not to defend the action precludes a decision on the merits. *Id.* Therefore, although this factor weighs against granting the Motion, it does not require that result. A contrary rule would mean that a default judgment could rarely, if ever, be entered.

  B.  Remedies Sought

    1.  General Legal Standards

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Further, the demand for relief must be specific. Fed. R. Civ. P. 8(a)(3). Therefore, "a default judgment must be supported by specific allegations as to the exact amount of damages asked for in the complaint." *Philip Morris*, 219 F.R.D. at 499. In addition, "Plaintiff must 'prove up' the amount of damages that it is claiming." *Id.* at 501. "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *Id.* at 498 (citing Fed. R. Civ. P. 55(b)(2)). "However, if the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." *Id.* (citing *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

    2.    <u>Application</u>

        a)    Statutory Damages

            (1)    <u>FDCPA</u>

Section 1692k authorizes a court to award up to $1000 in statutory damages for violations of the FDCPA. 15 U.S.C. § 1692k(2)(A). The following factors are to be considered in determining the appropriate amount of damages: (1) "the frequency and persistence of noncompliance by the debt collector," (2) "the nature of such noncompliance," and (3) "the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1); *see Hall-Jones v. Golden State Credit Serv., Inc.*, No. 20-CV-00888-JLS, 2021 WL 6496730, at *5 (C.D. Cal. July 29, 2021). "No proof of actual damages is required to support an award of statutory damages." *Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1296 (C.D. Cal. 2014) (citing *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982)).

Plaintiff requests statutory damages of $1000 under the FDCPA. Dkt. 15-1 at 10-11. As noted, the Complaint sufficiently alleges that Defendant has engaged in multiple violations of the FDCPA. However, the Complaint does not allege that Defendant's unlawful conduct was repeated or "anything other than a one-time occurrence." *Davis*, 25 F. Supp. 3d at 1296. Further, although the Complaint includes conclusory allegations that Defendant's conduct was both "intentional" and "willful," the Complaint does not offer detailed allegations to support these conclusions. Dkt. 1 ¶ 5; *see Davis*, 25 F. Supp. 3d at 1296.

Courts in this Circuit have generally awarded maximum damages under the FDCPA only "in cases that involved multiple, repeated violations; particularly egregious conduct; or willfulness." *Kaloustian*, 2022 WL 18397630, at *7 (awarding $1000 under the FDCPA where "Defendant repeatedly called Plaintiff to collect the alleged debt without verifying the debt after receiving Plaintiff's dispute letter"); *Hall-Jones*, 2021 WL 6496730, at *5 (collecting cases).

Based on the foregoing, and "[b]ecause there is no indication that Defendant's wrongful conduct was persistent or willful," an award of $300 in damages under the FDCPA is warranted. *Hall-Jones Davis*, 2021 WL 6466730, at *5; *see Davis*, 25 F. Supp. 3d at 1296 (awarding similar amount under parallel circumstances).

            (2)    <u>Rosenthal Act</u>

As with the FDCPA, Section 1788.30 of the California Civil Code authorizes a court to award up to $1000 in statutory damages for violations of the Rosenthal Act. Cal. Civ. Code § 1788.30(b). "The Rosenthal Act's remedies are cumulative, and available even when the FDCPA affords relief." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1069 (9th Cir. 2011). However, "unlike the FDCPA, the Rosenthal Act premises any award of statutory damages on the defendant's state of mind." *Davis*, 25 F. Supp. 3d at 1296. Specifically, a debt collector must "willfully and knowingly" violate the Rosenthal Act in order to justify a recovery of statutory damages under Section 1788.30. *Id.* at 1297; *Nordyke*, 2018 WL 2732455, at *6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

Plaintiff requests statutory damages of $1000 under the Rosenthal Act. Dkt. 15-1 at 10-11. However, as noted, the Complaint fails to provide sufficient factual detail to support its conclusory allegation that Defendant's violations of the FDCPA and Rosenthal Act were "willful or knowing." *See Davis*, 25 F. Supp. 3d at 1297 (declining to award damages under the Rosenthal Act because "[P]laintiff failed to show, by a preponderance of the evidence, that defendant acted 'wilfully and knowingly' in leaving the subject voicemail"). Therefore, an award of statutory damages under the Rosenthal Act is not warranted. *See Hall-Jones*, 2021 WL 6496730, at *6 ("Here, other than the conclusory allegation that Defendant's conduct 'was either negligent or willful,' Plaintiff has failed to allege facts or present evidence that Defendant 'willfully or knowingly' violated the Rosenthal Act. The Court therefore declines to award statutory damages under the Rosenthal Act." (internal citation omitted)).

        b)        Compensatory Damages

Under the FDCPA, Plaintiff is entitled to "any actual damage sustained by such person as a result of such failure" of Defendant to comply with the Act. 15 U.S.C. § 1692k(a)(1). "Actual damage includes recovery for emotional distress such as humiliation, embarrassment, fear, nervousness, difficulty eating and sleeping, lack of concentration and anxiety." *Kaloustian*, 2022 WL 18397630, at *20-21 (citing *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1314-16 (E.D. Cal. 2009)). "The Ninth Circuit has held that the 'only actual damages that a plaintiff would be likely to incur would be for emotional distress caused by abusive debt collection practices and, unless the violations are extreme and outrageous, traditional stringent evidentiary hurdles would be difficult to overcome.' " *Alvarez v. Lakeview Recovery Group, LLC*, No. 16-CV-01047-RGK, 2016 WL 10968665, at *4 (C.D. Cal. Sept. 26, 2016) (quoting *Baker*, 677 F.2d at 780). However, the Ninth Circuit "has generally stated that emotional distress damages can be awarded without corroborative evidence where circumstances make it obvious that a reasonable person would suffer significant emotional harm," rather than merely trivial or transient harm. *Russell v. GC Servs. Ltd. P'ship*, 476 F. Supp. 3d 1097, 1103 (E.D. Wash. 2020) (quoting *Perkons v. Am. Acceptance, LLC*, No. CV-10-8021-PCT, 2010 WL 4922916, at *3 (D. Ariz. Nov. 29, 2010)).

Plaintiff requests an award of $5000 in damages to "compensate Plaintiff for his emotional distress, mental anguish, time spent, and invasion of privacy damages as a result of Defendant's unlawful conduct and unfair and deceptive communications." Dkt. 15-1 at 10-11. However, Plaintiff did not submit a declaration, or any other evidence, to support the conclusory allegation that Defendant's conduct caused him emotional distress. *See Kaloustian*, 2022 WL 18397630, at *8 (Plaintiff's generic allegation of mental anguish is not sufficient to support an award of actual damages); *see also Hall-Jones*, 2021 WL 6496730, at *7 ("Even assuming Plaintiff's earlier-filed declaration can be considered as support for this motion, the bare-bones nature of the declaration does not support emotional distress damages."). Moreover, it is not necessarily clear that "a reasonable person would have suffered significant emotional distress if put in Plaintiff's position, such that they would be entitled to actual damages for emotional distress." *See Russell*, 476 F. Supp. 3d at 1104.

Notwithstanding these limitations, because the allegations may be deemed true in connection with a default, and it may be reasonably inferred that excessive collection efforts may cause concerns, a modest award of $500 in compensatory damages under the FDCPA is warranted.

        c)        Attorney's Fees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

"The prevailing party in an FDCPA action may recover reasonable attorney's fees, and costs, from the other side." *Davis*, 25 F. Supp. 3d at 1297. "The FDCPA's statutory language makes an award of fees mandatory." *Camacho*, 523 F.3d at 973. The fee mandate is "a means of fulfilling Congress's intent that the [FDCPA] should be enforced by debtors acting as private attorneys general." *Id.* at 978 (quoting *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991)). The Rosenthal Act also provides for an award of attorney's fees and costs to the prevailing party. *Davis*, 25 F. Supp. 3d at 1298; *see* Cal. Civ.Code § 1788.30(c) ("Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.").

Upon entry of default judgment, Local Rule 55-3 provides a schedule for attorney's fees that correspond to the amount of judgment awarded, exclusive of costs. L.R. 55-3. Under this schedule, Plaintiff would be entitled to an award of $250 in fees. *Id.* However, when "a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee . . . without using the fee schedule as a starting point." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018).

A reasonable fee may be determined by reference to the "lodestar figure," or the "number of hours reasonably expended on the litigation . . . multipl[ied] [] by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000); *see also Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1025 (C.D. Cal. 2012). The burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. *Gates v. Gomez*, 60 F.3d 525, 534 (9th Cir. 1995). Once the lodestar is determined, the courts determines the reasonableness of the lodestar figure based on a consideration of the following factors:

    (1) the time and labor required,
    (2) the novelty and difficulty of the questions involved,
    (3) the skill requisite to perform the legal service properly,
    (4) the preclusion of other employment by the attorney due to acceptance of the case,
    (5) the customary fee,
    (6) whether the fee is fixed or contingent,
    (7) time limitations imposed by the client or the circumstances,
    (8) the amount involved and the results obtained,
    (9) the experience, reputation, and ability of the attorneys,
    (10) the "undesirability" of the case,
    (11) the nature and length of the professional relationship with the client, and
    (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975.

Because Plaintiff is the prevailing party, an award of reasonable attorney's fees is appropriate. *Davis*, 25 F. Supp. 3d at 1297. Plaintiff seeks an award of $12,160 in attorney's fees. Dkt. 15-1 at 18. Plaintiff's request is based on evidence that 2.9 hours were billed by attorney David McGlothlin ("McGlothlin") at a rate of $575 per hour and 19.9 hours were billed by attorney Mona Amini ("Amini") at a rate of $525 per hour. *See id.*; *see* Dkt. 15-2 ¶ 32; Dkt. 15-3 ¶ 12. These requests present several issues.

*First*, Amini's hourly rate of $525 is reasonable. Amini was admitted to the bar in 2014 and declares that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

she has significant experience litigating consumer rights actions and specifically cases brought under the FDCPA and the Rosenthal Act. Dkt. 15-2 ¶¶ 14-15. Amini also declares that has "undergone extensive training in the area of the FDCPA and the Rosenthal Act." *Id.* ¶ 16. Admini finally declares that other judges in this District have deemed her requested hourly rates reasonable in past cases. *Id.* ¶¶ 23-28; *see, e.g.*, *Stark v. Cornerstone Legal Grp. Inc.*, No. 21-CV-1047-DOC, 2021 WL 8893636, at *1 (C.D. Cal. Sept. 14, 2021) (approving Amini's hourly rate of $450); *Kaloustian*, 2022 WL 18397630, at *9 (approving Amini's hourly rate of $475). For these reasons, Amini's hourly rate of $525 is reasonable.

*Second*, McGlothin's hourly rate of $575 per hour is also reasonable. McGlothlin was admitted to the bar in 2007 and declares that, like Amini, he has significant experience litigating consumer rights actions such as this one. Dkt. 15-3 ¶ 6. McGlothlin, also, declares that other judges in this District have deemed his requested hourly rates reasonable. *Id.* ¶¶ 8-11; *see, e.g.*, *Kaloustian*, 2022 WL 18397630, at *10 (approving McGlothlin's hourly rate of $505). For these reasons, McGlothlin's hourly rate of $575 is reasonable.

*Finally*, counsel's spending 22.8 hours to litigate this case is at the higher end of what is ordinarily necessary in an action in which the defendant defaults. Amini has attached an itemized billing statement to her declaration that supports the number of hours she and McGlothlin have worked. *See* Dkt. 15-2 at 11. This statement reflects that counsel worked to complete the tasks necessary to carry out this litigation. *See Stark*, 2021 WL 8893636, at *1 (18.2 hours to litigate FDCPA and Rosenthal Act case resulting in default judgment reasonable); *Cantu* v. *A R Client Servs. LLC*, No. 20-CV-1036-PA, 2020 WL 6114915, at *4 (C.D. Cal. Aug. 18, 2020) (20.5 hours to litigate similar case reasonable); *Kaloustian*, 2022 WL 18397630, at *10 (20.2 hours to litigate similar case reasonable). However, in light of counsel's extensive experience with these matters, and the Court's substantial experience with hourly rates as well as its familiarity with the nature of the work necessary in similar matters adjudicated in this District, a downward reduction of Amini's hours by three hours, and McGlothlin's hours by one hour, is warranted. Based on those determinations, a fee award of $9,965 is appropriate and approved.

          d)      Costs

Plaintiff seeks an award of $531 in costs. Dkt. 15-1 at 18. Plaintiff has submitted evidence as to the following costs: the filing fee, $402; service of process, $110; and printing, photocopying, mailing and postage costs, $18. *Id.*; Dkt. 15-2 ¶ 34; *id.* at 11. These amounts are necessary and reasonable. Therefore, an award of $531 in costs is approved.

**IV.**     **Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED IN PART**. Plaintiff is awarded $300 in statutory damages, $500 in compensatory damages, $9,965 in attorney's fees and $531 in costs. Within 14 days of the issuance of this Order, Plaintiff shall lodge a proposed judgment that is consistent with its terms.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV22-01272-JAK (SPx) | Date | March 11, 2024 |
| Title | Scott Bogle v. Direct Recovery Services, LLC | | |

|  |  : |
|---|---|
| Initials of Preparer | TJ |